FILED
United States Court of Appeals
Tenth Circuit

**March 4, 2026**

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NIA HALL, a/k/a Karmella,

    Defendant - Appellant.

No. 25-6134
(D.C. No. 5:25-CR-00014-SLP-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Nia Hall pleaded guilty to conspiracy to commit sex trafficking. She was sentenced to 188 months in prison. Ms. Hall seeks to appeal her sentence, but the government has moved to enforce the appeal waiver contained in her plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Ms. Hall's attorney responded, saying it would be frivolous to oppose the government's motion and requesting leave to withdraw. *See Anders v. California*,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967). We invited Ms. Hall to respond, but she has not done so.[1]

Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would be frivolous. *See id.* We conclude that it would, and that Ms. Hall's appeal waiver is enforceable. We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

**Scope of the Waiver**

"When construing an appellate waiver, we apply well-established contract principles and examine the plain language of the plea agreement." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005) (internal quotation marks omitted). Ms. Hall waived the right to appeal her conviction and sentence, except if the district court imposed a sentence above her advisory guidelines range, which was 188 to 235 months in prison. At sentencing, Ms. Hall's attorney argued for a 60-month sentence, and the government suggested a 120- to 180-month sentence. The district court imposed a 188-month sentence. While longer than those suggested

---

[1] On January 20, 2026, we granted Ms. Hall an extension of time to file her response. While she did not respond to counsel's *Anders* brief, she did submit a letter to this court expressing that she wishes to file an appeal based on ineffective assistance of her trial counsel. Ineffective assistance arguments are not raised on direct appeal and are instead appropriate in collateral attacks. *See Hahn*, 359 F.3d at 1327 n.13 ("Generally, we only consider ineffective assistance of counsel claims on collateral review.").

by the parties, Ms. Hall's sentence still fell within the advisory guideline range. Accordingly, her waiver covers this appeal.

**Knowing and Voluntary Waiver**

When assessing whether an appeal waiver "is knowing and voluntary, we especially look to two factors": (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013). "[T]he defendant . . . bears the burden of demonstrating his waiver was not knowing and voluntary." *Id.* at 1233 (brackets and internal quotation marks omitted).

Ms. Hall's signed plea agreement explicitly states that she waived her right to appeal. The district court also conducted an adequate Rule 11 plea colloquy. Rule 11 requires a district court to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). The district court did just that at Ms. Hall's plea hearing. Ms. Hall affirmed that she understood that she was waiving

3

her appellate rights upon entry of her plea.  The plea agreement and plea colloquy make clear that Ms. Hall knowingly and voluntarily agreed to the appeal waiver.

**Miscarriage of Justice**

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings.  *See Hahn*, 359 F.3d at 1327.  We see nothing in the record suggesting that enforcing the waiver here will result in a miscarriage of justice.

We grant counsel's motion to withdraw.  We grant the government's motion to enforce the appeal waiver, and we dismiss this appeal.

Entered for the Court

Per Curiam